IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-3138-BO

**Larry Cochran,**

    Plaintiff,

 v.

**Dr. Jean Lindzau & Dr. Amy Rosenthal**,

    Defendants.

**Order &
Memorandum & Recommendation**

On June 19, 2015, Larry Cochran, a federal inmate at the Federal Medical Center at Butner proceeding *pro se,* filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants Dr. Jean Lindzau and Dr. Amy Rosenthal were deliberately indifferent to his serious medical needs. D.E. 1. The Court has referred this matter to the undersigned magistrate judge for a frivolity review pursuant to 28 U.S.C. § 1915(e). Additionally, the court has referred Cochran's Motion to Appoint Counsel (D.E. 4), and Motion to Expedite (D.E. 11) to the undersigned for disposition. For the following reasons, Cochran's Motion to Appoint Counsel and Motion to Expedite are denied, and the undersigned recommends that Cochran's Complaint be dismissed.

I. **Motion to Appoint Counsel and Motion to Expedite**

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984),

*abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Cochran's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, Cochran's motion to appoint counsel is denied.

In his motion to expedite, Cochran "respectfully request[s] that under the circumstances [the Court] please [e]xpedite [this] case." Mot. 1. In light of the instant order and recommendation, this request is denied as moot.

## II.     Screening Pursuant to 28 U.S.C. § 1915

### A.     Overview of 28 U.S.C. § 1915

In connection with the decision to allow Cochran to proceed *in forma pauperis*, the court must analyze the viability of the claims contained in his Complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the Complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of

2

infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Cochran's status as a *pro se* party relaxes, but does not eliminate, the requirement that his Complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of

forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

### B. "Three-Strikes" Provision of 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes'" provision of the PLRA. *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006); *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999).

A review of Cochran's litigation history demonstrates that he has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim. *See Cochran v. Geit,* No. 11-CV-134-WMC, 2013 WL 5230048, at *1 (W.D. Wis. Sept. 17, 2013) (noting that "Cochran has three strikes under 28 U.S.C. § 1915(g)"); Compl. ¶ 16. Because Cochran has three strikes, Cochran must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g);

4

rather the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

Here, Cochran alleges that Defendants inappropriately treated him with the antibiotic Ciprofloxacin on several occasions in 2014. Compl. ¶¶ 24-59. Cochran is no longer being treated with Ciprofloxacin, and his injuries consist of previously existing conditions that he contends were made more painful due to the side-effects of Ciprofloxacin. *Id.* ¶¶ 60-63. Therefore, Cochran fails to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g). *See, Beasley v. Lutes, et al.,* No. 3:15-CR-67-FDW, 2015 WL 2238373, at * 2 n.3 (W.D.N.C. May 12, 2015) ("[t]he mere allegation that Plaintiff still suffers from pain as a result of Defendants' alleged deliberate indifference does not constitute a showing that Plaintiff is under imminent danger of serious physical injury within the meaning of § 1915(g)."). Accordingly, Cochran has failed to make a colorable showing that this action should proceed under the exception to the three-strikes rule. *See* 28 U.S.C. § 1915(g). Therefore, the undersigned recommends that this action be dismissed. *See, id.*

    **C.**    **Deliberate Indifference to a Serious Medical Needs**

Moreover, Cochran's claim fails on the merits even if it is not barred by the three-strikes rule. As noted above, Cochran alleges that Defendants failed to appropriately weigh the potential side-effects when they treated him with Ciprofloxacin. Compl. ¶ 6. He also argues that he "didn't have a bacterial infection" and should not have been treated with Ciprofloxacin. *Id.* ¶ 56.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (1996). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a

5

serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious "–and the second prong is subjective–the prisoner must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." *See Strickler*, 989 F.2d at 1379 (internal quotations omitted).

Deliberate indifference "sets a particularly high bar to recovery." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "[D]eliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. *Id.* at 837; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. *See Russell v. Sheffer*, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Here, Cochran's contention that Defendants prescribed the incorrect medication fails to state a claim because, at most, this conduct constitutes negligence and not deliberate indifference. *See Estelle*, 429 U.S. at 107; *see also, Wade v. Powers*, No. 3:08-1905-PMD-JRM,

6

2008 WL 4177215, at *3 (D.S.C. Sept. 2, 2008) (finding that fact that the plaintiff mistakenly was given the incorrect medication does not constitute a constitutional violation). To the extent Cochran disagrees with Defendants' treatment plan, it is well settled that such a disagreement between an inmate and medical staff does not constitute an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106. Therefore, the undersigned recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e).

## III. Conclusion

For the reasons stated above, Cochran's pending motions (D.E. 4, 11) are denied, and it is recommended that the court dismiss his Complaint as frivolous. The Clerk is ordered to send a copy of this Memorandum and Recommendation to Cochran. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Cochran does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written**

7

Case 5:15-ct-03138-BO   Document 12   Filed 08/31/15   Page 7 of 8

**objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: August 28, 2015

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge