UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03138-BO

**Larry Cochran,**

    Plaintiff,

v.

**Dr. Jean Lindzau & Dr. Amy Rosenthal,,**

    Defendant.

**Order**

On June 19, 2015, Larry Cochran ("Cochran"), a state inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his serious medical needs. This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein Judge Numbers recommends that the court dismiss Cochran's complaint on frivolity review. D.E. 12. Cochran filed objections to the M&R. D.E. 13. For the following reasons, the court adopts the M&R and dismisses the petition.

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted). The court does

not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In filing objections, a party "must specifically identify those findings objected to." *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987), *overruled on other grounds Douglass v. United Ervs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. *Wells v. Shriners Hospital*, 109 F.3d 198, 200 (4th Cir. 1997) (boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157 (2007) (emphasis in original).

In his objections, Cochran essentially repeats the arguments raised in his complaint. However, merely reiterating the same arguments made in the pleading submitted to the magistrate judge does not warrant *de novo* review. *Id*; *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" *Id.* In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so

2

as reasonably to alert the district court of the true ground for the objection." *Midgette,* 478 F.3d at 622. For the following reasons the court adopts the recommendation of the magistrate judge.

Cochran has filed at least three actions that the courts have dismissed as frivolous, malicious, or failing to state a claim. *See Cochran v. Geit*, No. 11-CV-134-WMC, 2013 WL 5230048, at *1 (W.D. Wis. Sept. 17, 2013) (noting that "Cochran has three strikes under 28 U.S.C. § 1915(g)"). Accordingly, to proceed without the prepayment of the filing fee, Cochran must show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because he has not done so, in either his complaint or his objections, he cannot proceed without prepayment of the filing fee.

Moreover, Cochran's claims are frivolous on their face. The crux of his complaint is that Defendants inappropriately treated his medical conditions with Ciprofloxacin. D.E. 13 at 17. Cochran allegedly suffered side-effects from his treatment, and now contends that Defendants negligently disregarded Ciprofloxacin's potential side effects. *Id.* at 20. Thus, his claim is that Defendants chose the wrong medication to treat his conditions. A prisoner is not entitled to choose his course of treatment. *See Russell v. Sheffer*, 528 F.2d 318, 318–19 (4th Cir.1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 104, 105–06 (1976). In sum, Cochran's allegations fail to state a claim because "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." *Jordan v. Fischer*, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011); *see Estelle*, 429 U.S. at 105–06.

Upon careful review of the record and the M&R, the court rejects Cochran's objections to the Memorandum and Recommendation and adopts the Recommendation.

3

SO ORDERED, this 16 day of December, 2015.

TERRENCE W. BOYLE
United States District Judge

4